UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-005 |
| | ) | (PHILLIPS/GUYTON) |
| JACKIE D. BORDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 12, 2009, to arraign the Defendant on the Superseding Indictment [Doc. 14]. Assistant United States Attorney Cynthia Davidson was present representing the Government. Attorney Charles Poole ("Attorney Poole") was present representing the Defendant, who was also present.

After a preliminary examination, the Court found the Defendant to be competent to proceed, and the Defendant was arraigned on the charges contained in the Superseding Indictment [Doc. 14]. The Government advised the Defendant of the possible penalties for the charges alleged, and the Defendant entered a plea of not guilty on all charges.

Thereafter, Attorney Poole made an oral motion to continue the trial date, which is currently set for March 25, 2009. In support of the motion, Attorney Poole stated that he was set to begin a lengthy trial in another matter next week. Further, Attorney Poole desired additional time to prepare for trial in light of the additional charge contained in the Superseding Indictment. The Defendant confirmed that he wanted Attorney Poole to continue representing him and, despite his

Speedy Trial rights, had no objection to continuing the trial.

The Government stated that it did not oppose the motion for continuance, but stated that it intended to set a plea negotiation deadline—a date after which the Government would no longer entertain negotiation of a plea agreement. The parties agreed that the plea negotiation deadline would be June 30, 2009, and the parties agreed to a new trial date of July 14, 2009.

Based on the foregoing, the Court finds the Defendant's oral Motion to Continue is well-taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that failure to grant a continuance would unreasonably deny the Defendant continuity of counsel, as Attorney Poole would be in trial on another matter at precisely the time he would be required to prepare this matter for trial. 18 U.S.C. § 3161(h)(8)(B)(iv). Further, in light of the addition of a new charge in the Superseding Indictment, the Court finds that a continuance is required to allow the parties the reasonable time necessary to prepare for trial even taking into account counsels' due diligence. See 18 U.S.C. § 3161(h)(8)(B)(ii)

In light of these findings and its granting of the motions, the Court set a new trial date of July 14, 2009, and the final pretrial conference scheduled for March 18, 2009, is reset to July 6, 2009, at 11:00 a.m. The Court further finds that the period of time between the hearing on March 12, 2009, and the new trial date of July 14, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Further, the Defendant moved to reset the motions deadline in this matter, and the Government had no objection to resetting the deadline. Accordingly and in light of the Superseding Indictment, the Court reset the deadline to require that the Defendant file his pretrial motions on or

before March 23, 2009, and the Government respond on or before April 6, 2009.

Finally, Attorney Poole addressed the need to amend the Defendant's Motion for Relief from Joinder [Doc. 13] to reflect the addition of a new charge in the Superseding Indictment. Attorney Poole stated that the motion moves to separate the charge related to the alleged robbery of a Home Federal Bank branch on January 2, 2009, formerly Count Three now Count Four, from the other charges. Accordingly, the Defendant made an oral motion to modify the relief sought in the Motion for Relief from Joinder, so that rather than seeking relief from the joinder of Counts One and Two to Count Three, the Motion now seeks to relief from the joinder of Counts One, Two, and Three to Count Four. The Court finds the oral motion to amend the Motion for Relief from Joinder is well-taken, and it is **GRANTED**. Because the Government's time to respond to the Motion had no expired at the time of the hearing, the Court did not address the merits of the Motion.

In Summary:

1. The Defendant's oral Motion to Continue is **GRANTED**;

2. The Government has informed the Defendant that the period to negotiate a plea agreement will expire on **June 30, 2009**;

3. The Defendant shall file his pretrial motions on or before **March 23, 2009,** and the Government shall respond on or before **April 6, 2009**;

4. The final pretrial conference scheduled for March 18, 2009, is reset to **July 6, 2009, at 11:00 a.m.**;

5. The trial in this matter will commence at **9:00 a.m. on July 14, 2009**, before the Honorable Thomas Phillips, United States District Judge;

6. All time between March 12, 2009, and the new trial date of July 14, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

7. The oral motion to amend the Motion for Relief from Joinder is **GRANTED**, and the Motion for Relief from Joinder now seeks relief from Counts One, Two, and Three being joined with Count Four.

**IT IS SO ORDERED.**

                          ENTER:

                                  s/ H. Bruce Guyton
                            United States Magistrate Judge